**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

TRACY DONALDSON,

        Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

No. C16-0051-LTS

**MEMORANDUM OPINION AND**
**ORDER ON REPORT AND**
**RECOMMENDATION**

---

## I.  INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable Kelly K.E. Mahoney, United States Magistrate Judge.  *See* Doc. No. 18. Judge Mahoney recommends that I reverse the decision by the Commissioner of Social Security (the Commissioner) and remand this case for the ALJ to reassess plaintiff Tracy Donaldson's credibility regarding her physical limitations and reevaluate the medical opinions in light of that credibility finding.  Neither party has objected to the R&R.  The deadline for such objections has expired.

## II.  APPLICABLE STANDARDS

### A.  *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole."  *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .").  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept

as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817,

822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B.    *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

3

Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.    THE R&R

Donaldson applied for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Act), on November 20, 2013, alleging disability beginning February 9, 2013, due to degenerative disc disease, obesity, major depressive disorder and attention deficit hyperactivity disorder (ADHD). *See* AR 25. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Donaldson was not disabled as defined in the Act.

Donaldson argues the ALJ erred in determining that she was not disabled because:

1.    The ALJ failed to properly weigh the medical opinion evidence

2.    The ALJ failed to properly evaluate Donaldson's credibility

3.    The ALJ relied on flawed vocational expert (VE) testimony

*See* Doc. No. 15. Judge Mahoney addressed each argument separately, beginning with Donaldson's credibility. She then addressed the ALJ's evaluation of the medical opinions and the VE testimony.

With regard to Donaldson's credibility, the ALJ generally found that two factors weighed against crediting Donaldson's allegations. AR 30. First, the ALJ found her limited daily activities could not be objectively verified with any reasonable degree of certainty. *Id*. Second, he found that even if her activities were truly as limited as alleged, it was difficult to attribute the degree of limitation to Donaldson's medical condition, as opposed to other reasons. *Id*. He noted she "has not generally received the amount and type of medical treatment one would expect for a totally disabled individual, considering

4

the relatively infrequent trips to the doctor for the allegedly disabling symptoms and significant gaps in the claimant's history of treatment." AR 31.

Judge Mahoney first discussed the ALJ's reasons for discrediting Donaldson's mental impairment allegations. *See* Doc. No. 18 at 5-8. The ALJ found the treatment notes were inconsistent with the severity of limitations Donaldson alleged. *Id.* at 7 (citing AR 29-32). These notes showed that medication improved Donaldson's symptoms and that some of her mental-health issues were associated with personal relationships and impulsivity, rather than depression, anxiety or ADHD. *Id.* (citing AR 758, 760-61, 766 785). Moreover, Donaldson had previously worked despite these long-standing mental-health issues and the limitations in her daily activities were primarily related to her physical limitations. *Id.* Judge Mahoney found that substantial evidence in the record as a whole supported the ALJ's credibility determination with regard to Donaldson's mental impairment allegations. *Id.* at 8.

Judge Mahoney then discussed the ALJ's reasons for discrediting Donaldson's physical impairment allegations. She found these reasons were not supported by substantial evidence. The ALJ discredited the allegations based, in part, on Donaldson's daily activities. The ALJ reasoned that Donaldson was able to care for her two children (ages 5 and 13), perform basic household chores, cook, drive and attend church and her children's school events. *Id.* at 9 (citing AR 30-31, 51). Donaldson stated that she could perform basic household chores, but often needed help from a friend or had to perform tasks in thirty to forty-minute increments due to pain or fatigue. *Id.* at 9-10. Judge Mahoney found that Donaldson's activities were not inconsistent with her allegations that she was only able to perform activities for an hour before needing to take a break, lie down or shift positions. *Id.* at 11. In other words, the nature of her activities did not suggest they required more than an hour-long commitment without the opportunity to take a break, lie down or shift positions. She recommends that the case be remanded for the ALJ to reassess Donaldson's credibility. *Id.*

The ALJ also discredited Donaldson because he found her treatment was inconsistent with the physical limitations she alleged. Judge Mahoney meticulously detailed the treatment Donaldson received after her back surgery. *Id.* at 13-16. Treatment included regular physical therapy appointments with only one absence over the span of approximately 10 months, use of a TENS unit, back brace and ROHO seat cushion. *Id.* Donaldson also received treatment at a pain clinic from June 2013 through January 2014. *Id.* at 14. Her doctor made numerous recommendations and she tried various treatments during this time. *Id.* By January 2014, she was told there was "nothing much [he] could offer her," except referral to other pain clinics out of state. *Id.* at 15. Judge Mahoney also discussed Donaldson's follow-up appointments with neurosurgeons at the Veterans Affairs Medical Center and the various prescription medications she took to help treat her pain. *Id.*

Based on her review of the record, Judge Mahoney noted it was unclear what "gaps in treatment" the ALJ relied on to discredit Donaldson because he did not cite any evidence. She acknowledged that the gaps may have referred to Donaldson's mental health treatment, but the ALJ did not explicitly say so and those gaps would not be a good reason to discredit Donaldson's allegations related to her physical limitations. Judge Mahoney concluded that substantial evidence did not support the ALJ's conclusion that Donaldson's treatment for her physical impairments was inconsistent with her allegations related to pain. *Id.* at 16. While Donaldson last treated with the pain clinic in January 2014, and with her neurosurgeons in August 2014, she was told that nothing further could be done. *Id.* at 17. The only other proposed treatments included acupuncture, aquatherapy and treatment at an out-of-state pain clinic, but there is no evidence in the record confirming whether or not Donaldson sought out or obtained any of these treatments. *Id.* Judge Mahoney reasoned that the ALJ could not discredit Donaldson's complaints of pain on this basis without considering her reasons for failing to seek or obtain further treatment. *Id.* at 18.

Judge Mahoney recommends remanding the case for the ALJ to reevaluate Donaldson's credibility. In the event the ALJ continues to find that Donaldson's subjective complaints are not credible, she recommends the ALJ support his reasoning with citations to the record.

Judge Mahoney next addressed the ALJ's evaluation of the medical opinions. *Id.* at 19-20. Two physicians provided physical RFC opinions – Dr. Jonnalagadda and Dr. Nagahama.[1] The ALJ did not give either opinion controlling weight because he found they were based on Donaldson's subjective complaints of symptoms and limitations, which he found incredible. *Id.* at 20-21. Because Judge Mahoney found that substantial evidence did not support the ALJ's credibility determination, she also found that this was not a "good reason" for giving these opinions little weight. *Id.* at 21.

The record also included mental RFC opinions from Donaldson's therapist, Dr. Stange. The ALJ discounted the opinions because, again, they were based on Donaldson's subjective complaints, which the ALJ found incredible. *Id.* at 22-23. Because Judge Mahoney found that the ALJ's credibility determination with regard to Donaldson's mental impairments was supported by substantial evidence, she found the ALJ did not err in assigning little weight to Dr. Stange's opinions on this basis. She noted that the record as a whole supported the ALJ's decision to assign Dr. Stange's opinions little weight. *Id.* at 24.

Judge Mahoney then addressed the ALJ's evaluation of the state agency psychological consultant opinions. The ALJ assigned these mental RFC assessments "some weight." *Id.* Because Judge Mahoney found that substantial evidence supported the ALJ's decision to give Dr. Stange's opinion less weight, she found it was appropriate

---

[1] Judge Mahoney noted that Dr. Jonnalagadda was a treating source, but Dr. Nagahama examined Donaldson on only one occasion and, therefore, is not considered a treating source. *See* Doc. No. 18 at n. 14.

for the ALJ to assign greater weight to the opinions of the state agency psychological consultants. *Id.* at 25-26.

Finally, Judge Mahoney considered Donaldson's argument that the ALJ erred by relying on the VE's testimony because the ALJ's hypothetical did not include all of Donaldson's mental limitations. *Id.* at 26. The only mental limitations included in the hypothetical were simple, routine and repetitive tasks, which mirror the ones the ALJ included in Donaldson's RFC. *Id.* Donaldson argues that the hypothetical should have also included moderate limitations in concentration, persistence and pace, which the ALJ found when considering whether Donaldson satisfied the "paragraph B" criteria during step three of the disability analysis. *Id.* at 27.

Judge Mahoney concluded these additional limitations were not required as the ALJ's hypothetical "accurately reflected the mental limitations supported by the record and included in his RFC determination." *Id.* at 28. Even if the ALJ was required to include step three limitations in the RFC and hypothetical, Judge Mahoney noted that the Eighth Circuit has held that deficiencies in concentration, persistence or pace are adequately captured by limitations of "simple, routine, and repetitive tasks." *Id.* (citing *Howard v. Massanari*, 255 F.3d 577, 581-82 (8th Cir. 2001)).

## IV.    DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Mahoney applied the appropriate legal standards in concluding (1) that the ALJ's credibility determination regarding Donaldson's physical limitation allegations was not supported by substantial evidence in the record and, therefore, (2) that medical opinions concerning her physical limitations could not be discounted due to their reliance on Donaldson's subjective complaints. I find no error – clear or otherwise – in Judge Mahoney's recommendation. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahoney's R&R (Doc. No. 18) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation:

   a. The Commissioner's determination that Donaldson was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Mahoney.

   b. Judgment shall enter in favor of Donaldson and against the Commissioner.

   c. If Donaldson wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 19th day of September, 2017.

_____
Leonard T. Strand, Chief Judge